IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY RAY JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-4869-RDR-KGG |
| | ) |
| SEDGWICK COUNTY, KANSAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER ON
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES and
REPORT & RECOMMENDATION OF DISMISSAL**

In conjunction with his federal court Complaint alleging violations of his civil rights stemming from an arrest (Doc. 1), Plaintiff Anthony Ray Jenkins has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed). Having reviewed Plaintiff's motion, as well as his financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion, but **RECOMMENDS** that the District Court **DISMISS** Plaintiff's claims pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim for which relieve may be granted.

**I.     Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* ***Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 59 years old and single with no dependents. (Doc. 3-1, sealed, at 1-2.) He is currently unemployed and lists no employment history. (*Id*., at 2-3.) He indicates he does not own real property, but lists one modest automobile that he owns outright. (*Id*., at 3-4.) He lists no government benefits or any type of income other than potential food assistance. (*Id*., at 4-5.) He lists no cash on hand. (*Id*.) He has filed for bankruptcy. (*Id*., at 6.)j He lists no living expenses (not even rent) other than

electric and water.

Considering all of the information contained in the financial affidavit, Plaintiff has virtually no income.  The Court finds Plaintiff has established that he is entitled to file this action without payment of fees and costs.  The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

## II.     Sufficiency of Complaint and Recommendation for Dismissal.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).[1]  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  ***Harris v. Campbell***, 804

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status.  *See e.g.,* ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999); ***McGore v. Wigglesworth,*** 114 F.3d 601, 608 (6th Cir. 1997).

F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007).   In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff.  *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).  This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim

5

showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff alleges that Defendants violated his civil rights in regard to an arrest that occurred in 2010. (*See generally* Doc. 1.) His prayer for relief requests that the warrant arrest in question be "recalled" and his "right to bare arms [be] restored." (*Id*., at 6.) He also requests "a farm, 40 acres and a mule, tractor with a house" along with other financial and punitive damages. (*Id*.)

Simply stated, the Court cannot glean a comprehensible cause of action upon which relief may be granted from the facts alleged in Plaintiff's form Complaint. Further, even assuming Plaintiff had alleged an otherwise viable cause of action, any such claims would be barred by the applicable statute of limitations as the events alleged occurred four to five years ago. Based on the information presented in his Complaint, Plaintiff has not plead a viable federal court cause of action.

The Court finds that Plaintiff has failed to state a claim on which relief may be granted, requiring a recommendation to the District Court of Plaintiff's claims

pursuant to 28 U.S.C. §1915(e)(2). This Court **RECOMMENDS** to the District Court that the case be **DISMISSED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 24th day of April, 2015.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge